UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CV-61155-RUIZ/STRAUSS

**BONNIE DAVIS,**

    Plaintiff,

v.

**UNITED STATES OF AMERICA,** *et al.*,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

THIS MATTER came before the Court upon Inductoweld Tube Corp.'s Motion to Dismiss Plaintiff's Complaint Under Fed. R. Civ. P. 12(b)(6) [DE 16] ("Motion to Dismiss") and Inductoweld Tube Corp.'s Motion for Sanctions Against Plaintiff and Ron S. Vinograd, Esq. Under Fed. R. Civ. P. 11 [DE 17] ("Motion for Sanctions"). I have reviewed both motions, the briefing thereon, and all other pertinent portions of the record. For the reasons discussed herein, I respectfully **RECOMMEND** that the Motion to Dismiss and Motion for Sanctions be **DENIED**.

## BACKGROUND

This negligence case arises out of Plaintiff's August 14, 2018 slip and fall at a post office location in Fort Lauderdale, Florida (the "Property"). *See* Complaint [DE 1] ¶¶ 7, 8, 13, 21. Plaintiff alleges that she "slipped and fell on water that was leaking from the ceiling and/or AC unit in the ceiling." *Id.* ¶¶ 13, 21. The United States Postal Service ("USPS") leased the Property from Defendant Inductoweld Tube Corporation ("Inductoweld"), the owner of the Property. *Id.* ¶¶ 7-8. Therefore, Plaintiff brings separate negligence claims against the United States and Inductoweld, seeking damages against each party due to her slip and fall at the Property.

This is not the first negligence claim Plaintiff has brought against Inductoweld for her August 14, 2018 slip and fall at the Property. She previously sued Inductoweld for negligence in state court, with material factual allegations and a prayer for relief that are largely identical to the material factual allegations and prayer for relief against Inductoweld in this case. *Compare* [DE 1] *with* [DE 16-2] (state court complaint). In the state court action, Inductoweld obtained summary judgment, and the entry of a Final Judgment, prior to the commencement of this case. *See* [DE 16-7, 16-10]. However, the basis for the entry of summary judgment and Final Judgment in the state court action was that Plaintiff failed to join an indispensable party, USPS. *See* [DE 16-7, 16-10]; *see also* [DE 16-1] at 25-28. Nevertheless, because the state court action was disposed of through summary judgment, with the subsequent entry of a Final Judgment, Inductoweld seeks dismissal of this action on grounds of res judicata and/or collateral estoppel. It also seeks Rule 11 sanctions, *see* Fed. R. Civ. P. 11, against Plaintiff and her counsel, claiming that Plaintiff's counsel clearly knows this case is barred by res judicata, as evidenced by his statements at the state court summary judgment hearing.[1]

## MOTION TO DISMISS

**A. LEGAL STANDARD**

At the pleading stage, a complaint must contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). Although Rule 8(a) does not require "detailed factual allegations," it does require "more than labels and conclusions"; a "formulaic recitation of the cause of action will not do." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, "factual allegations must be enough to raise a right

---

[1] *See* [DE 16-1] at 17 (Plaintiff's counsel: "[I]f you grant his motion [for summary judgment], that acts as res judicata. I can't then go and file a separate action against them in -- in federal court because I'm going to be barred, based on Your Honor's ruling.").

to relief above the speculative level" and must be sufficient "to state a claim for relief that is plausible on its face." *Id.* at 555, 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009) (citing *Iqbal*, 556 U.S. at 679)).

In considering a Rule 12(b)(6) motion to dismiss, the court's review is generally "limited to the four corners of the complaint." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009) (quoting *St. George v. Pinellas Cnty.*, 285 F.3d 1334, 1337 (11th Cir. 2002)). Courts must accept the factual allegations in the complaint as true and view them in the light most favorable to the plaintiff. *Cambridge Christian Sch., Inc. v. Fla. High Sch. Athletic Ass'n, Inc.*, 942 F.3d 1215, 1229 (11th Cir. 2019); *Tims v. LGE Cmty. Credit Union*, 935 F.3d 1228, 1236 (11th Cir. 2019). But "[c]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Jackson v. Bellsouth Telecomms.*, 372 F.3d 1250, 1262-63 (11th Cir. 2004) (citation omitted); *see also Iqbal*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

### B. ANALYSIS

Inductoweld's res judicata and collateral estoppel arguments fail. I analyze these arguments in sections 1 and 2 below. However, as a preliminary matter, I note that the arguments can be considered at the motion to dismiss stage. *See Harrell v. Bank of Am., N.A.*, 813 F. App'x 397, 400, 402 (11th Cir. 2020); *Madura v. Bank of Am., N.A.*, 767 F. App'x 868, 871 n.2 (11th Cir. 2019); *Desisto v. City of Delray Beach*, 618 F. App'x 558, 560 (11th Cir. 2015). "Although res

judicata is an affirmative defense that is properly raised under Federal Rule of Civil Procedure 8(c)(1), a party may raise it in a Rule 12(b)(6) motion to dismiss 'where the defense's existence can be judged on the face of the complaint.'" *Harrell*, 813 F. App'x at 400 (citing *Concordia v. Bendekovic*, 693 F.2d 1073, 1075 (11th Cir. 1982)). Significantly, "[i]n making this determination, [courts] may consider documents attached to the complaint *and take judicial notice of state and federal court records of prior proceedings*." *Id.* (citing *United States ex rel. Osheroff v. Humana, Inc.*, 776 F.3d 805, 811-12 & n.4 (11th Cir. 2015)) (emphasis added); *see also Desisto*, 618 F. App'x at 560; *Lozman v. City of Riviera Beach, Fla.*, 713 F.3d 1066, 1075 n.9 (11th Cir. 2013). Therefore, I hereby take judicial notice of the court records from the prior state court action between Plaintiff and Inductoweld. *See Davis v. Inductoweld Tube Corp.*, No. CACE20001978 (Broward Cnty., Fla.). I note that Inductoweld has attached the relevant state court records to the Motion to Dismiss.

  1. **Res Judicata (Claim Preclusion)**

Plaintiff's negligence claim against Inductoweld is not barred by res judicata because the state court did not dispose of the claim *on the merits*. "In considering whether to give preclusive effect to state-court judgments under res judicata or collateral estoppel, the federal court applies the rendering state's law of preclusion." *Lozman*, 713 F.3d at 1075 n.6 (quoting *Cmty. State Bank v. Strong*, 651 F.3d 1241, 1263 (11th Cir. 2011)). Under Florida law, res judicata (i.e., claim preclusion) applies where there is: "(1) identity of the thing sued for; (2) identity of the cause of action; (3) identity of the persons and parties to the action; (4) identity of the quality [or capacity] of the persons for or against whom the claim is made; and (5) the original claim was disposed on the merits." *Desisto*, 618 F. App'x at 559 (quoting *Lozman*, 713 F.3d at 1074).

The first four elements do not appear to be disputed and are clearly satisfied, but the fifth element is not satisfied. As to elements one, three, and four, they are satisfied because this case and the state court action included the same prayer for relief and both Plaintiff and Inductoweld as parties in their same capacities. *Cf id.* ("The parties do not dispute elements one, three, and four of the test. The Prior Action and Instant Action had the same prayers for relief, and the two cases involved the same parties in their same capacities."). The second element is satisfied because this case clearly includes the same negligence claim that Plaintiff brought in the state court action against Inductoweld. Both negligence claims seek damages for Plaintiff's slip and fall at the Property on August 14, 2018 due to water allegedly "leaking from the ceiling and/or AC unit in the ceiling." Complaint ¶¶ 21; [DE 16-2] at 4, ¶ 7. In other words, both claims are premised upon the same facts, and "[i]dentity of the cause of action is a question of 'whether the facts or evidence necessary to maintain the suit are the same in both actions.'" *Lozman*, 713 F.3d at 1074 (quoting *Tyson v. Viacom, Inc.*, 890 So. 2d 1205, 1209 (Fla. 4th DCA 2005)).

The real heart of the dispute here concerns whether Plaintiff's negligence claim in the state court action was disposed of on the merits. It was not. "For res judicata or collateral estoppel to apply, there must [] exist in the prior litigation a 'clear-cut former adjudication' on the merits." *Id.* (quoting *State St. Bank & Trust Co. v. Badra*, 765 So. 2d 251, 254 (Fla. 4th DCA 2000)). Moreover, it is the party seeking to invoke the application of res judicata that has the burden of establishing with sufficient certainty that there was a clear-cut former adjudication on the merits. *Id.* at 1076-77.

Here, Inductoweld contends that there was a former adjudication on the merits by virtue of the state court granting summary judgment and entering Final Judgment. This argument is compelling at face value because, as Inductoweld notes, "[t]he disposition of a case on summary

5

judgment grounds represents a final decision on the merits and forecloses subsequent litigation." *United States v. One Colt Python .357 Cal. Revolver, S/N T03461 W/Holster*, 845 F.2d 287, 289 (11th Cir. 1988).  However, finding the state court's ruling here to have been a former adjudication on the merits would improperly elevate form and labels over substance.  That is because the state court record makes clear that the state court granted summary judgment and entered Final Judgment solely based on its determination that Plaintiff failed to join an indispensable party.  Importantly, "the focus is on what a court order does and not how the order is labeled." *Nationstar Mortg., LLC v. Glisson*, 286 So. 3d 942, 944 (Fla. 2d DCA 2019) (quoting *Bank of New York Mellon for Certificateholders of CWABS, Inc. v. Swain*, 217 So. 3d 226, 227 (Fla. 5th DCA 2017)) (cleaned up).

It is axiomatic under Florida law that dismissal based on the absence of an indispensable party is *not on the merits*.  *See, e.g.*, *Smith v. St. Vil*, 714 So. 2d 603, 604 (Fla. 4th DCA 1998); Fla. R. Civ. P. 1.420(b).  Although the state court did not call what it did "dismissal," the state court effectively dismissed Plaintiff's case for failure to join an indispensable party.  Even Inductoweld's state court summary judgment motion argued – in the context of Inductoweld's indispensable party argument – that "Plaintiff's case should be *dismissed* for failure to join an indispensable party as the U.S. Postal Service is an indispensable party to this litigation." [DE 16-5] at 8 (emphasis added).  In that same vein, Inductoweld contended that the absence of the USPS prevented the state court "from rendering a final decision." *Id.* at 7.

Moreover, the language in the state court's summary judgment order and Final Judgment, as well as its statements at the summary judgment hearing, show that it was not adjudicating Plaintiff's claim *on the merits*.  At a minimum, such language and statements undermine Inductoweld's attempt to demonstrate the requisite clear-cut adjudication on the merits.

Specifically, the Final Judgment reflects that it was entered "by way" of the state court's summary judgment order. *See* [DE 16-10]. The state court's summary judgment order granted Inductoweld's summary judgment motion, finding "that the United States Postal Service is an Indispensable Party and Plaintiff's failure to join the United States Postal Service as a party defendant makes summary judgment appropriate." [DE 16-7]. Further, the transcript of the summary judgment hearing confirms that the state court granted summary judgment solely based upon Inductoweld's indispensable party argument, without adjudicating any other issues. At the hearing, the state court stated, in pertinent part, the following:

> I'm looking at this and I'm saying to myself, well, I guess the failure to join the -- the U.S. Postal Service . . . as an indispensable party, this case can't go forward.
>
> The Court -- this Court can't completely adjudicate this matter without taking the depositions of the people . . . who've got an interest from the post office or who know -- have knowledge about this.
>
> Also, there's going to be an issue with affecting what -- either the postal service's interest, as it was a tenant in possession, and the control on the subject property where the plaintiff allegedly slipped and fell. I mean, the post office is an indispensable party.
> . . .
> Well, I think the *summary judgment is going to be based on the failure to -- the failure to join the U.S. Postal Service as an indispensable party*[.]
> . . .
> *There will be no adjudication on the other issue*.
> . . .
> So there will be no adjudication on who had control over the property.
> . . .
> I'm going to go ahead and grant summary judgment on it, and *I'm going to put as my findings a failure to join the U.S. Postal Service is -- as an indispensable party is grounds upon which the summary judgment is based*.

[DE 16-1] at 25-28 (emphasis added). Thus, it is evident that the state court did not dispose of – and did not intend to dispose of – Plaintiff's claim *on the merits*.[2] Therefore, res judicata does not preclude Plaintiff from pursuing her claims in this case.

### 2. Collateral Estoppel (Issue Preclusion)

Inductoweld's collateral estoppel argument also fails. Collateral estoppel (i.e., issue preclusion) "prevents identical parties or those in privity with parties from relitigating issues that have previously been litigated and determined." *Porter v. Saddlebrook Resorts, Inc.*, 679 So. 2d 1212, 1214 (Fla. 2d DCA 1996) (citations omitted). It only applies if:

> 1) the identical issues were presented in a prior proceeding; 2) there was a full and fair opportunity to litigate the issues in the prior proceeding; 3) the issues in the prior litigation were a critical and necessary part of the prior determination; 4) the parties in the two proceedings were identical; and 5) the issues were actually litigated in the prior proceeding.

*Lozman*, 713 F.3d at 1078-79 (quoting *Porter*, 679 So. 2d at 1214-15). "As with res judicata, collateral estoppel is an affirmative defense, and the party asserting it 'bears the burden to show that such an issue was formerly determined with sufficient certainty.'" *Id.* at 1079 (quoting *Freehling v. MGIC Fin. Corp.*, 437 So. 2d 191, 193 (Fla. 4th DCA 1983)).

---

[2] Inductoweld also briefly argues that the state court's ruling should be considered an adjudication on the merits because Plaintiff refused to voluntarily dismiss her state court complaint and insisted on proceeding on her complaint without adding USPS as a party. In support of this argument, Inductoweld notes that a couple Florida cases have recognized an exception to the rule that dismissal for lack of indispensable party is not an adjudication on the merits "when the plaintiff refuses to amend his complaint to add a party necessary for a determination on the merits." *Millsaps v. Orlando Wrecker, Inc.*, 634 So. 2d 680, 681 (Fla. 5th DCA 1994); *see also Roberts v. Nationwide Mut. Fire Ins. Co.*, 355 So. 2d 219, 220 (Fla. 1st DCA 1978). However, Inductoweld has failed to demonstrate that this limited exception applies in this case, particularly when Plaintiff could not have sued USPS until at least February 8, 2021 (she filed her state court complaint over a year earlier), and given that she would have had to pursue USPS in federal court. *See* [DE 1] ¶ 10 & Ex. B.

8

As an initial matter, Inductoweld's collateral estoppel argument appears to be misplaced. The real issue at play here is whether Plaintiff's claim against Inductoweld is barred by res judicata, not collateral estoppel. Inductoweld appears to simply re-state its res judicata argument as a collateral estoppel argument. *Cf id.* ("The Defendants have not specified what issues they believe are identical in the federal amended complaint and in the eviction action. Instead, the Defendants seem to merely re-state their res judicata argument as a collateral estoppel argument. Under Florida law, however, collateral estoppel is not res judicata by another name, but applies 'where the two causes of action are different' but issues—'that is to say points and questions'—are common to both actions." (citations omitted)).

At any rate, as noted above, "[f]or res judicata *or collateral estoppel* to apply, there must [] exist in the prior litigation a 'clear-cut former adjudication' on the merits." *Id.* at 1074 (quoting *Badra*, 765 So. 2d at 254) (emphasis added). For the reasons discussed in the preceding section, there was no clear-cut adjudication on the merits in the state court action. Moreover, as Plaintiff notes, the only issue actually determined in the state court action was the indispensable party issue. The transcript from the state court summary judgment hearing makes clear that the state court did not intend to adjudicate any issue other than the issue of whether Plaintiff failed to join an indispensable party. Significantly, "[u]nder Florida law, issue preclusion extends only to issues that were 'actually adjudicated.'" *Crowley Mar. Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 931 F.3d 1112, 1129 (11th Cir. 2019) (citing *Brown v. R.J. Reynolds Tobacco Co.*, 611 F.3d 1324, 1334 (11th Cir. 2010)). Florida courts enforce this requirement "with rigor." *Id.* (quoting *Brown*, 611 F.3d at 1334). As such, "if there is any doubt as to whether a litigant has had his day in court such doubt must be resolved in favor of the full consideration of the substantive issues of the litigation." *Id.* (quoting *Brown*, 611 F.3d at 1334). Here, there is no doubt that Plaintiff has

*not* had her day in court on the merits of her claim or any issue going to the merits of her claim. Accordingly, collateral estoppel does not apply.

## MOTION FOR SANCTIONS

Rule 11 is intended "to deter baseless filings in district court and thus streamline the administration and procedure of federal courts." *Peer v. Lewis*, 606 F.3d 1306, 1311 (11th Cir. 2010) (citation omitted). When an attorney signs and files a pleading (and other court papers), the attorney is certifying, *inter alia*, that: "(1) the pleading is not being presented for an improper purpose; (2) the legal contentions are warranted by existing law or a nonfrivolous argument to change existing law; and (3) the factual contentions have evidentiary support or will likely have evidentiary support after discovery." *Id.* (citing Fed. R. Civ. P. 11(b)). Consequently, sanctions may be imposed under Rule 11 "when a party files a pleading that (1) has no reasonable factual basis; (2) is based on a legal theory that has no reasonable chance of success; or (3) is filed in bad faith for an improper purpose." *Vient v. Highlands News-Sun*, 829 F. App'x 407, 409 (11th Cir. 2020) (quoting *Silva v. Pro Transp., Inc.*, 898 F.3d 1335, 1341 (11th Cir. 2018)).

In evaluating a motion for sanctions under Rule 11, an objective standard is applied. *Id.* (citing *Kaplan v. DaimlerChrysler, A.G.*, 331 F.3d 1251, 1255 (11th Cir. 2003)). The objective standard requires consideration of "(1) whether the party's claims are objectively frivolous, and (2) whether the person who signed the pleadings should have been aware that they were frivolous." *Peer*, 606 F.3d at 1311 (quoting *Byrne v. Nezhat*, 261 F.3d 1075, 1105 (11th Cir. 2001)). *See also Benedek v. Adams*, 725 F. App'x 755, 761 (11th Cir. 2018) ("The standard used to evaluate an alleged violation of Rule 11 is 'reasonableness under the circumstances.'" (citing *Worldwide Primates, Inc. v. McGreal*, 26 F.3d 1089, 1091 (11th Cir. 1994))).

In light of my analysis above regarding the issues raised in the Motion to Dismiss, the Motion for Sanctions should be denied. Even if the District Court disagrees with my analysis regarding dismissal, Plaintiff's position that this claim is not barred by res judicata or collateral estoppel is clearly reasonable for the reasons discussed above (notwithstanding Plaintiff's counsel's statements at the state court summary judgment hearing). Therefore, an award of sanctions under Rule 11 would not be warranted even if this case is dismissed.

## CONCLUSION

For the reasons discussed above, I respectfully **RECOMMEND** that the District Court **DENY** the Motion to Dismiss [DE 16] and **DENY** the Motion for Sanctions [DE 17].

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Rodolfo A. Ruiz, II, United States District Judge. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**DONE AND SUBMITTED** in Fort Lauderdale, Florida this 23rd day of February 2022.

*Jared Strauss*
Jared M. Strauss
United States Magistrate Judge